May it please the Court, Jonathan Hall for Appellant John Jones. Today, marijuana is everywhere. Millions of Americans purchase, possess, and smoke marijuana. And yet, the District Court held, and the government now defends, that a trace amount of marijuana furnishes probable cause to search a person's home on suspicion of drug trafficking. That was an error. Under this logic, millions of Americans are suspected drug traffickers, dying cancer patients, elderly citizens, college students, and even political figures. The Fourth Amendment does not permit such a breathless intrusion into the privacy of countless individuals. Indeed, the central concern underlying the Fourth Amendment was given the Executive unbridled discretion. A warrant to search a person's home must demonstrate probable cause that the evidence sought will aid in the apprehension or conviction for a particular offense. Here, the underlying warrant issued to search Mr. Jones' home stated the particular offense was drug trafficking. Therefore, the key question is whether the information presented to the magistrate judge allowed for a reasonable inference that evidence of drug trafficking would be in Mr. Jones' home. It did not. A trace amount of marijuana discovered outside a suspect's home in two trash surveys falls woefully short of establishing probable cause that the homeowner is a drug trafficker. Trace amounts of marijuana bear no resemblance to what courts ordinarily have said. Counsel, you're focusing on the marijuana, and I understand why. Your brief does a very good job, and that is also a large focus of the district court's decision. And perhaps—I'm not saying that this is true—but perhaps Leonard won't age as well, and we'll need to take a look at it. But why would it be this case when, take the marijuana trash pulls out, your client's phone calls multiple times about a package that contained drugs, right? So that's a little stale, but it sure goes a long way towards he might be involved in a drug conspiracy. And then the residence is tied to a car that had drugs. The package and the car are both coming from Arizona. Why do I need to look at the two trash pulls to find probable cause with the deference that's due to the magistrate judge here? Well, taking the two pieces of evidence, beginning with the first, I would submit that it's more than a little stale, a one-year-old phone call at that time. And that's far beyond the three months of her instance with an Owens. And then second, there's no evidence beyond those phone calls tying this residence to the drug trafficking operation that predate that one-year timeline, except for, of course, the marijuana evidence. The drug trafficker, I'm sorry, the drug mule, RS, was disconnected. And again, many, many months ahead of the actual search of Mr. Jones's home. Do we have to overrule Leonard to find for you? No, Your Honor. We believe that the underlying search warrant in Leonard provided for drug possession as one of the illicit offenses. And here, of course, the case involves drug trafficking. And as footnote one notes in Leonard, marijuana was not legal at the time in 2018 or in 2015 when the underlying search warrant occurred. And that has, of course, been in changed circumstances. But it's still illegal federally? And then we recently reiterated that in Jackson, that mere possession of marijuana is illegal federally. So I don't know how much you can rest on the state law change. It is illegal federally, Your Honor. But of course, we submit in our briefing argues that the government has abdicated any intent to actually prosecute the simple possession cases. But even, you know, assuming that you disagree with me on that point, Illinois, the legalizing of marijuana in Illinois has made the present to be ubiquitous. Now it's much more easy to grab and it's much harder to tie any marijuana to a particular residence. But of course, if you disagree with this, we know we would submit that Leonard should be overruled for the reasons. There's more, though, to just the just residual traces of marijuana in the trash. There are two or three vacuum sealed bags that have black duct tape on them. And the age, what's his name, Hattler? Yes, Your Honor. Agent Hattler. Yeah. Represented to the magistrate judge that that packaging material is consistent with the way in his experience distribution quantities of drugs are packaged. And when you combine it with everything else that Judge Kollar was looking at, your point about staleness is fair, but it is not just a case about a search of a home based upon residual amounts of marijuana in the trash. There's more facts in the fact pattern than that. Of course, Your Honor, the district court, you know, decided this essentially only on the marijuana grounds. But to turn to the other evidence, we do have the very old stale phone calls that we've discussed before, in addition to everyday items. Now, it is true that Agent Hattler suspected that these vacuum sealed bags and tape could be used as evidence of drug trafficking. But there are also everyday items that many ordinary Americans possess. And you know, just taking vacuum sealed bags, they can be used for moving, for storage, for camping, for cooking, for food preservation. Why isn't that an argument for the jury as opposed to establishing probable cause? Well, Your Honor, because the government has to demonstrate probable cause based on these facts. And what we submit at the time of the search warrant was that you just have this marijuana, which is not evidence of drug trafficking, plus these everyday items. If the trash pulls had included trace amounts of meth, would there be enough for probable cause? I think it would certainly be enough for probable cause of meth possession. So your argument really does hinge on the marijuana here? I think meth would be a closer case, Your Honor. But I think marijuana makes it a much clearer for reversal. Why doesn't the good faith exception that the Supreme Court recognized in Leon protect the search? We submit, Your Honor, that the underlying search warrant was so lacking in additional probable cause, like in Underwood and Lyles and Ward, that it really used to have trace amounts of marijuana. And of course, the district court didn't really decide it on this grounds. So if you disagree, we would say, you know, remand and have the district court consider the good faith in the first instance. So the argument that it's so bare bones, it's so thin, that it couldn't possibly have supported a finding of probable cause? Because you're not, the reason I'm asking you that question is I don't see you advancing a Franks argument at all. You're not advancing that there was an affirmative misstatement or fraud on the magistrate judge or anything like that? Correct, Your Honor. So it has to be that just on its face, it's so bare bones. Is that the argument? Yes, Your Honor. Putting together what we discussed about the stale phone calls, the evidence of everyday items, and a trace amount of marijuana, we submit that these are bare bones and it's similar to as the Ninth Circuit held in Underwood, the Fourth Circuit held in Lyles, and the Sixth Circuit held in Ward. Isn't that a legal question that we could decide rather than sending back to the district court to determine? Yes, Your Honor. Okay, because you've requested if we get to good faith to send it back to the district court, and I would certainly agree if there were further factual development that's necessary, but as Judge Scudder just asked, you're not claiming a Franks violation, which would require some type of a hearing. Correct, Your Honor, and that's why we argue that good faith does not salvage this defective warrant. If there are no further questions, Your Honor, I will reserve the remainder of my time for rebuttal.  Thank you. Okay, let's hear from the government. Ms. Boyle, nice to see you. Nice to see you, Your Honor. Oh, I apologize. Good morning, Your Honors. May it please the court, counsel, my name is Catherine Boyle on behalf of the United States. The district court here properly found that probable cause supported the search warrant. Initially, as the court correctly held, the items from the trash pulls alone supplied probable cause for the search of the residents. This court's decision, United States v. Leonard, is instructive. The Leonard court held that when you have drugs in two sequential trash pulls, you have probable cause for a search. Here, on October 5th, 2022, law enforcement collected eight bags of trash from a container in front of the defendant's residence. They found remnants of marijuana in one bag, a restaurant receipt with the defendant's name in another bag, a bank letter addressed to his girlfriend in the next bag. They saw cars registered to the defendant and his girlfriend at the residence. Both were on utilities registered to that address. And then, importantly, about two weeks later, on October 19th, 2022, law enforcement goes again and collects bags of trash from in front of the house. This time, they find about .9 grams of marijuana, which includes remnants and a partially smoked blunt. And they find three vacuum-sealed bags in various bags with black duct tape on them. And they also find additional indicia of residents. Counsel, you started with Leonard, and you just mentioned the trash pulls, right? So, as Judge Scudder pointed out, we have these vacuum bags, which might play into distribution. But in terms of the marijuana, you have a half-smoked joint. You have remnants. You have what looks to me to be like personal use quantities. And the search warrant itself does not list the target offense as possession. So, why should we be looking at the marijuana in the trash as evidence of any crime that was specified in the search warrant? Well, Your Honor, we think that any arguable inexactness in terms of the statute specified in the search warrant wouldn't be fatal to the warrant's validity here. I think the circuit addressed this well in United States v. Church, which was cited in the defendant's brief, where they explained that where a warrant that mentions drug trafficking explicitly shows evidence of drug possession, which is illegal under federal law, that inexactness is not important because you're showing in this warrant that there's contraband, which law enforcement has the ability to seize. That concerns me, because you also need to particularly describe what you're searching for and where you're searching. And the evidence that you're going to search for, if you're searching for possession, is much different than the evidence you're searching for when you're searching for evidence of distribution. So would you want us to adopt the test that, you know, as long as there's a federal crime in there, we're fine, even if it's not the crime that the government chose to specify in the search warrant application? Well, I think here we're looking at a situation where the evidence the law enforcement is searching for itself is contraband, is illegal. I can see other crimes where you would be searching for evidence of, say, bank fraud, and the records you're looking for would not themselves be contraband, so you would probably want to consider, you might want to consider being more specific in that instance. Here, I think it's a little different when you're in a situation where what you're searching for is essentially illegal drugs. And additionally, you would more or less be searching in the same places for evidence of possession of marijuana and evidence of trafficking of marijuana, for the most part, when you're looking at the drugs themselves. And that goes for the other drugs mentioned in the search warrant affidavit and search warrants as well, Your Honor. How do you respond to defendants' argument that marijuana is very easy to obtain now, with dispensaries everywhere, and the fact that you could get it so easily really cuts against any inference that just finding traces of it in a trash bag means that you're going to find evidence of distribution in the home? Well, Your Honor, I don't think in every case trace evidence of marijuana in a trash bag would mean that you would find evidence of distribution in a home. It does seem likely, in particular, where you have more than one trash pull over a period of time, in this case two weeks, that you would find evidence of possession of marijuana in the home, which is also illegal under federal law. So I think that would provide probable cause for a search. In other words, the case is much harder if we isolate the fact pattern to the marijuana residue in the trash pulls. But the fact pattern contains a lot more than the marijuana residue. It contains the sealed bags with the duct tape. It contains the telephone calls. It contains the calls about the package, the cars, all of that. And isn't the totality of the fact pattern what the magistrate judge evaluated when deciding whether to issue the search warrant? That's exactly right, Your Honor. They look at the totality of the circumstances, and they also look at the affiant statements, including, I think as one of Your Honors noted earlier, that these vacuum-sealed bags, even if there's not drug residue on them, are often used to double-pack, triple-pack drugs that are sent to an individual's home. So, the counterpoint, Mr. Hall makes some pretty good points and does a pretty good job in his brief on the staleness side of this. There's some real staleness. The only thing that can save that that I know of is good faith. Well, I think there's another way to think about the staleness here. Certainly some of the information in the affidavit is older, but when you have new evidence that provides additional potential evidence of illegal drug possession or drug trafficking, I think there's an argument to be made that that does somewhat refresh that older information. It says this information might be relevant because this shows that this activity may be ongoing. So, I think that's something you want to consider when you look at staleness as well. I do want to make a point on the… The evidentiary point there would have to be the vacuum-sealed bags, because I don't know that the marijuana residue in and of itself would be an indicia of drug dealing. Yes, Your Honor. An indicia of personal marijuana use. I agree that taking alone the trash bowls with just remnants of marijuana would be indicative of use. I do think when you look at it in the context, if you, let's say in a warrant you had evidence of prior marijuana distribution, I think it was in Billion the court said, just because there's remnants of marijuana doesn't mean that there's not, doesn't cut against the idea of potential drug trafficking. But I agree with you that standing alone, it would indicate drug possession. Your Honor, I do want to make a quick point since it's been brought up a couple of times. I think both our brief and the defense brief didn't raise this. We do note, they do note in the affidavit the calls regarding the package containing methamphetamine, and I did note that I don't think this affects the probable cause calculus here or how this court should evaluate this case, but at sentencing it came up later that the agent found, agent believed based on later voice analysis that those calls potentially were not from the defendant, and that was just something that wasn't brought up in the brief, and I think since we're just looking at the four corners of the affidavit, it's not necessarily important to the decision here, but it wasn't made clear, so I wanted to point that out. So we've talked about the trash bowls, the marijuana remnants, and the vacuum sealed bags that were found. I think we also need to talk about good faith here, and this is a search warrant that was signed off on by a federal magistrate judge. This is a search warrant that a federal district judge determined contained probable cause. An AUSA from the Southern District of Iowa presented this search warrant to the magistrate judge, and at the state of the case at the time, including Leonard, all seemed to indicate that trash bowls alone with remnants of marijuana could provide sufficient probable cause to search a resident. So all of these things really go to the agent's reasonable belief that this was a valid search warrant that they were able to follow through on. And then, Your Honor, I also wanted to—Your Honor mentioned the Jackson case, where this court held that evidence of—evidence of the smell of cannabis could potentially justify the—could justify the search of an automobile, and I do think Jackson mentioned that marijuana is illegal under federal law in that discussion, and I think that that bolsters the position the government takes here. If Your Honors have no further questions, we'll rest on the arguments in our brief and ask that the Court affirm. Okay. Thank you, Ms. Boyle. Thank you, Your Honor. Mr. Hall. Very briefly, Your Honor, I want to touch on one point that counsel raised and return back to the remaining evidence. My friend on the other side refers to an inexactitude of the search warrant. It was not inexact. It was very exact for drug trafficking, not drug possession, which counsel later indicated that the evidence here, a trace amount of marijuana, really just supports an inference of drug possession, not drug trafficking. Now, if I could just turn briefly to the remaining evidence in the case. The district court already correctly observed that this remaining evidence is old, and much of it is very attenuated, making the effort to connect it all a heavy lift. Putting aside the marijuana remnants, we have phone calls from over a year before the search warrant was executed, the historic context of how a drug operation works, and a couple of household items, vacuum seal bags and some shipping tape. None of this suffices. The three phone calls from a John Montana asking about a package took place over a year before the warrant application. It was linked to a different home address. Similarly, Mr. Jones' then girlfriend's phone calls with an individual who's connected to a drug operation occurred 19 months before the search of Mr. Jones' home. The generic historical context about how other drug traffickers operate had no bearing on whether probable cause existed to justify this particular warrant. And the non-marijuana evidence discovered in the trash did indeed consist of everyday items. Counsel, for staleness though, you make some good points that all of these things individually would be stale. But if they're painting a picture of ongoing conspiratorial drug dealing, do we still have a staleness problem? It's not just a phone call a year ago. If anything, all of these discrete acts occurring over time, continuing to occur, and then most recently having some indicia of potential drug dealing in the form of a vacuum sealing bags, closer to the warrant, does that get you over staleness? No, Your Honor. Because of that large break, that one-year break between the phone call evidence and the only other evidence really in this case, which was the trash surveys, and I would direct the court to Owens v. United States, which had a three-month break, and the court found that even under good faith, that was insufficient between the last evidence, which was three months before the actual search warrant. Are there no further questions? We respectfully ask that the court reverse and remand. Thank you. Okay. Mr. Hall, thanks to you. I see here from our argument calendar, you and your firm accepted this case on appointment, correct? We very much appreciate you doing that. Mr. Jones, you know he was well represented. The court appreciates your advocacy for him and to us. And Ms. Boyle, thanks to you and the government as well. We'll take the appeal under advisement.